UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMARA RODRIGUEZ,

       **PLAINTIFF,**                                 **CASE NO.: 8:20-cv-03078**

V.

IMG ACADEMY, LLC,

       **DEFENDANT.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, TAMARA RODRIGUEZ (hereafter, "Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against Defendants, IMG ACADEMY LLC ( "Defendant") and alleges as follows:

## INTRODUCTION

1. This action involves claims of sexual harassment and retaliation against the Defendant as an Employer and is brought by the Plaintiff as a former employee.

2. Plaintiff alleges a violation of her civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as amended by the Civil Rights Act of 1991 ("*TITLE VII*").

## JURISDICTION, VENUE, AND PARTIES

3. This action arises, in part, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,* as amended by the Civil Rights Act of 1991. This Court has jurisdiction to grant relief pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4) and 29 U.S.C. § 1001*et seq.* This Court is vested with jurisdiction to order an injunction, back pay, front pay, or

any other equitable relief as may be proper, and compensatory and punitive damages, attorneys' fees, and costs pursuant to 42 U.S.C. § 1981a and 2000(e)-5(g).

4.  Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 42 U.S.C. § 2000(e)-5(f) (3) and 28 U.S.C. § 1391 (b) and (c) because the unlawful employment practices were committed within this judicial district.

5.  Plaintiff is an individual who resided in Manatee County, Florida, during the time of her employment with Defendants and all material times herein.  She is female, and is protected from sexual harassment and sex based discrimination in employment under Title VII.  At all material times herein, Plaintiff was employed by Defendant.

6.   Defendant is "employer" as defined by 42 U.S.C. § 2000e(b)  because it engaged in an industry affecting commerce and has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

7.  Plaintiff timely dual filed a charge of discrimination on September 2, 2020 with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations (FCHR) alleging discrimination based on sexual harassment, a copy of which is attached hereto and incorporated herein as Exhibit "A."

8.  This action is filed within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue, dated September 18, 2020, (mailed out September 25, 2020)  in reference to EEOC Charge Number 511-2020-04633, from the U.S. Equal Employment Opportunity Commission, a copy of which is attached hereto and incorporated herein as Exhibit "B."

## GENERAL ALLEGATIONS

2

9.  The Plaintiff was hired by the Defendants through a temp agency by the Defendants as a Campus Safety Officer on February 5, 2019.

10. The Plaintiff's supervisor was John Nolan.

11. During the Plaintiff's training and work with Mr. Nolan, Mr. Nolan made disparaging comments about his ex-wife, mother, and other women.

12. Mr. Nolan informed the Plaintiff that he was surprised that the Plaintiff, as a Hispanic woman, could pass the tests necessary to enter a law enforcement academy.

13. Mr. Nolan also spoke disparagingly about Hispanic and African American workers under this supervision.

14. Mr. Nolan recommended that the Plaintiff quit her job because female employees do not last at IMG.

15. The Plaintiff reported Mr. Nolan for subjecting me to a hostile work environment on the basis of my sex, female. He was suspended and reprimanded.

16. After the Plaintiff made her report, Mr. Nolan acquired a grudge against the Plaintiff and became obsessed with following her around physically and through the camera system.

17. For the next several months, the Plaintiff made several complaints to Mr. Ian Chase and Mr. David Diaz against Mr. Nolan for his retaliatory conduct.

18. Every time the Plaintiff reported this conduct to Mr. Chase and Mr. Diaz, her complaints were ignored. Further, she was informed that because she was single mother she should think carefully about reporting to human resources. The implication was that she may be retaliated against should she make another complaint about Mr. Nolan to Human Resources.

19. The Plaintiff also suspected that Mr. Nolan was observing her and objectifying her sexually. However, she couldn't prove it.

20. On May 28, 2020, the Plaintiff noticed that Mr. Nolan, and a coworker Mr. Gregory Delgado, were manipulating surveillance cameras to zoom in on the Plaintiff's chest and butt.

21. The Plaintiff requested another meeting to report this sexual harassment, retaliation and how she felt violated as a woman and uncomfortable.

22. After exchanging several email communications, the Plaintiff received a meeting with Mr. Chase and Mr. Diaz on July 13, 2020. At this point, it was too late to review the camera footage per Mr. Chase and Mr. Diaz. Mr. Chase and Mr. Diaz declined to take any further action or otherwise intervene.

23. The Plaintiff was severally emotionally distraught and upset about the situation.

24. The Plaintiff reported to Human Resources her concerns of sexual harassment and retaliation later that day.

25. Immediately, the Plaintiff was placed on suspension pending the outcome of the investigation by the Defendant.

26. On July 29, 2020, the Plaintiff was terminated without cause.

### COUNT I - VIOLATION OF TITLE VII (SEXUAL HARASSMENT)

27. Plaintiff realleges and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 26 of this Complaint.

28. The actions of Defendants by and through the conducts of its agents, more particularly described in the General Allegations section herein, constituted unlawful sexual harassment and sex based discrimination.  The Defendant tolerated and condoned this

discriminatory environment that was inflicted upon female workers in general by her supervisor, and upon the Plaintiff in particular.

29. By creating an offensive work environment for Plaintiff, Defendant's agents, employees, managers and/or supervisors discriminated against her with respect to a "term, condition, or privilege" of employment under 42 U.S.C. 2000e-2(a)(1).

30. The conduct of Defendant, by and through the conduct of its agents, employees, managers and supervisors, and its failure to investigate and to take prompt, remedial action to prevent continued harassment of Plaintiff and other female employees, deprived Plaintiff of her statutory rights under 42 U.S.C. § 2000e et seq.

31. The actions of Defendants, by and through its agents, employees, managers and supervisors, were willful, wanton, intentional and with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages to punish Defendants for its actions and to deter it and others from such action in the future.

32. The actions of Defendant, by and through its agents, employees, managers and supervisors, make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

33. As a direct, proximate and foreseeable result of Defendants' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, Plaintiff, Tamara Rodriguez, respectfully demands judgment against Defendant, IMG Academy LLC, for compensatory and punitive damages, prejudgment

interest, attorneys' fees, and costs of this action, and such other relief as this Court deems just and proper.

### COUNT II– VIOLATION OF TITLE VII (RETALIATION)

34. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26, as set forth above.

35. The Plaintiff's reporting in July of 2019,  under Title VII constitutes protected activity under Title VII.

36. The harassment and scrutiny the Plaintiff was subject to between May 2019 and July 2020,by her supervisor for engaging in protected activity constitute a substantial adverse change in the terms and conditions of the plaintiff's employment.

37. Defendants, by and through its agents, employees, managers and supervisors, unlawfully retaliated against Plaintiff because she had engaged in the protected activity.

38. A non-discriminatory and non-retaliatory reason for her termination and harassment from her supervisor does not exist.

39. The actions of Defendants, by and through its agents, employees, managers, and supervisors, make reinstatement ineffective as a make-whole remedy, entitling Plaintiff to front pay in lieu of reinstatement.

40. The actions of Defendants and/or its agents, employees, managers and supervisors were willful, wanton, intentional and with malice or with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to damages in the form of compensatory and punitive damages to punish Defendants for these actions and to deter it, and others, from such actions in the future.

41. As a direct, proximate and foreseeable result of Defendants' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, Plaintiff, Tamara Rodriguez, respectfully demands judgment against Defendant, IMG Academy LLC, for front pay in lieu of reinstatement, back pay, compensatory and punitive damages, prejudgment interest, attorneys' fees, and costs of this action, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

42. Plaintiff, by and through his undersigned attorney, hereby demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted this 24th day of December, 2020.

/s/ Frank M. Malatesta, Esq. _____
FRANK MALATESTA, ESQUIRE
Florida Bar No.: 97080
Malatesta Law Office
871 Venetia Bay Blvd.,
Suite 235
Venice, FL 34285
(941) 256 - 3812
(888) 501-6612
frank@malatestalawoffice.com
Staff@malatestalawoffice.com